IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

R.H., a minor, by her Mother and Next    *
Friend, MICHELLE HUGAR, et al
                                            *

          Plaintiffs
                                            *

    v.                                          Civil Action No.   CBD-13-1049
                                            *

SANJAY PRASAD, M.D., et al.
                                            *

          Defendants
                                            ******

       Before this Court is Defendant Tower Oaks Surgery Center, LLC's Motion for Summary Judgment ("Defendant's Motion") (Docket Item No. 36).  The Court has reviewed Defendant's Motion, and the opposition thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.). For the following reasons, the Court hereby GRANTS Defendant's Motion.

## I.   Background

      Plaintiffs, a minor and her mother as next friend, bring the present action asserting claims for medical negligence and the absence of informed consent.  See generally, Am. Comp. Plaintiffs allege that Defendant Prasad performed a series of surgical procedures on the minor plaintiff in an effort to improve her hearing.  The surgeries were performed at the facilities of Defendant Tower Oaks Surgery Center LLC ("Defendant Tower Oaks").  Plaintiffs contend that Defendants' conduct violated the requisite standard of care and caused further injury.  For purposes of the pending motion, the salient issue is whether Defendant Tower Oaks can be held vicariously liable for the alleged acts and omissions of Defendant Prasad.  Defendant's Motion contends that there is no basis to impose vicarious liability.

## II.    Discussion

### A.    Standard of Review

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006).  A material fact is one that "might affect the outcome of the suit under the governing law."  Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  Anderson, 477 U.S. at 248-49.  However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986).  The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial."  Felty v. Grave-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex, 477 U.S. at 323-24).  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

### B. Defendant Tower Oaks Has Demonstrated That Dr. Prasad Is Not Its Employee

The classic method by which vicarious liability is established, is by the presentation of proof of the existence of a master-servant relationship.  Maryland follows the Restatement of Agency 2d, which looks to the issue of the ability of the master (employer) to control to conduct of the servant (employee).

> Generally, a principal is vicariously liable for the negligence of its agent when the two share a master-servant relationship but not when the agent is merely an independent contractor of the principal. Sanders v. Rowan, 61 Md. App. 40, 51, 484 A.2d 1023 (1984). The ultimate test for whether an agent is also a servant is control, for a master 'controls or has the right to control the physical conduct of the [servant] in the performance of the service.' Id. (quoting Restatement of Agency 2d, §2(1)).

Hunt v. Mercy Med. Cntr., 121 Md. App. 516, 545, 710 A.2d 362, 376 (1998). Here, Defendant Tower Oaks contends there is no record evidence of a master-servant relationship. It contends that Plaintiffs have set forth no basis to suggest that Tower Oaks exercised control over Defendant Prasad. Strangely though, Defendant Tower Oaks has presented questionable evidence as to whether Defendant Prasad was an employee at the time of the surgeries.

According to Plaintiffs' Amended Complaint, the surgeries occurred on August 9, 2009, February 26, 2010, and November 18, 2010. Defendant's Motion suggests that "Dr. Prasad is not, and never has been, employed by Tower Oaks." Defendant Tower Oaks directs the Court to its "Statement of Material Facts Not in Dispute," ¶¶ 13-14. While the declaration of Marshall Besch supports Defendant's Motion, the reference to Dr. Prasad's deposition is much less clear. When asked if he holds any position with Defendant Tower Oaks, Dr. Prasad states under oath that he is the Medical Director, and that he began serving in the position the same year that the facility opened in 2007. Prasad Depo., p. 20, lines 13-21.

While troubling, there is no record evidence to suggest Defendant Prasad performed any services for Plaintiffs while serving in the role of Defendant Tower Oaks' Medical Director. There is nothing to suggest that the alleged malpractice is related in any way to the functions and/or duties required of a medical director. This leads to the conclusion that while it is an

interesting aside, Defendant Prasad's potential role as the Medical Director is nothing more than the proverbial red herring.

Plaintiffs have offered no evidence on the question of whether Defendants shared an employer-employee relationship. On this record, it appears that Defendant Prasad was granted the use of Defendant Tower Oaks' facilities as an independent contractor. The bulk of contact between Plaintiffs and Defendant Prasad occurred in Defendant Prasad's office. Based upon the unrebutted Besch Declaration, there is no joint billing practice or other indicia of control at the hand of Defendant Tower Oaks. See Decl. of Marshall Besch, ¶¶ 4, 5, 9 and 10. Under the Restatement, such a relationship does not equate to vicarious liability as to Defendant Tower Oaks. As Defendant's Motion goes unchallenged on this point, it prevails.

    C.    **There Is No Record Evidence that Defendant Tower Oaks Held Out Defendant Prasad As Its Agent**

Vicarious liability can also be created whenever a principal cloaks another with apparent agency. When another person reasonably relies upon the words or conduct of the principal that suggests the existence of an agency relationship, then the principal will be bound as if an actual agency relationship existed. Once again, Maryland looks to the Restatement of Agency on this issue.

> One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care of skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care of skill of the one appearing to be a servant or other agent as if he were such.

JAI Med. Sys. Managed Care Org., Inc. v. Bradford, 209 Md. App. 68, 76, 57 A.3d 1068 (2012), aff'd, 2014 WL 2766672 (Md. Jun 19, 2014).

On the present record, there is again nothing to suggest that Plaintiffs' selection of Defendant Prasad had anything to do with Defendant Tower Oaks. It is Plaintiffs' burden to show the existence of probative facts on this issue, and Plaintiffs have failed to do so.

Plaintiffs' reliance on Faya v Almarez, 329 Md. 435, 620 A.2d 327 (1993) is misplaced. It is the defense that presents the procedural posture of the case correctly, and it is the procedure here which is dispositive. The appellate court determined that the plaintiff in Faya should have successfully survived a motion to dismiss on the question of apparent agency since she alleged that the defendant doctor had privileges to conduct operations at the defendant hospital. Given that the court was required to accept all well-pleaded facts as true, the trial court's decision to dismiss the action at that stage was improper. Here, the procedural issue is a motion for summary judgment.

Generally, the question of agency is a question of fact and therefore not the subject of a motion for summary judgment. Therefore, the real question is whether Plaintiffs have presented "any legally sufficient evidence tending to prove the agency." Faya, at 460. Here, there is no evidence that Defendant Tower Oaks did anything suggestive of agency. There is no evidence that Plaintiffs relied upon Defendant Tower Oaks' reputation, signage, recommendations or the like before selecting Defendant Prasad to perform the surgery or before the performance of the procedure itself. While it is not disputed that Defendant Prasad had operating privileges with Defendant Tower Oaks, there is no indication that Plaintiffs were aware of such or relied upon such. The mere fact that Defendant Prasad could perform surgeries at the facility does not equate to a question of fact on the issue of agency. Cases relied upon by Plaintiffs, namely Hunt and Mehlman v. Powell, 281 Md. 269, 378 A.2d 1121 (1977) are inapposite. In fact, Defendant

5

Tower Oaks' reply briefing makes an even stronger point.  There Defendant notes that Plaintiff Michelle Hugar stated under oath that no one ever represented to her that Defendant Prasad was employed by Defendant Tower Oaks, that he had any type of ownership or other interest in Defendant Tower Oaks, or that any personnel at Tower Oaks ever discussed anything with respect to Defendant Prasad.  Hugar Depo. at 97-98.  Here, there is no legally sufficient evidence of apparent agency.

Even assuming, arguendo, that Defendant Tower Oaks misled Plaintiffs into believing that Defendant Prasad was its agent, it is equally unreasonable to allow the creation of a jury question regarding apparent agency on the bald assertion by Plaintiff Michelle Hugar that she believed Defendant Tower Oaks "must have been part of his practice because it was so small." Pl.'s Opp. 6; Decl. of Michelle Hugar, ¶5.  As the Maryland Courts have stated, Plaintiffs must show:

> 1) they were misled by the appearance [of another] into believing that [the tortfeasor] was an employee;
>
> 2) this belief was objectively reasonable under all the circumstances; and
>
> 3) they relied on the existence of that relationship in making their decision to entrust [the tortfeasor].

Chevron, U.S.A., Inc. v. Lesch, 319 Md. 25, 34-35, 570 A.2d 845 (1990).  See also, Mercedes-Benz of N. Am., Inc., v. Garten, 94 Md. App. 547, 618 A.2d 233 (1993).  Even if Plaintiffs were allowed to make such arguments to the trier of fact, there is no evidence under the first and third factors to survive Defendant's Motion.  Plaintiff Michelle Hugar stated that no discussions occurred about where the surgery would occur "until [Dr. Prasad] set the appointment.  I didn't

6

know it was at a separate facility until, in his office when they schedule these surgical appointments. He didn't really describe where to go." Hugar Depo., p. 94, line 20 to p. 95, line 3. Plaintiff's statement that she would not have consented to having surgery at an unsanitary facility is not the testimonial equivalent to claiming that she relied upon an agency relationship in making her decision. The sanitary condition of Defendant Tower Oaks' facility is not a representation of agency. Simply put, Plaintiffs did not rely upon the existence of a relationship between Defendants Prasad and Tower Oaks in making the decision to have the surgery.

### D.  **Defendant Prasad's Financial Interest in Defendant Tower Oaks is of No Import**

Plaintiffs finally note that Defendant Prasad is the sole owner and Medical Director of Defendant Tower Oaks. Accepting these facts as true, they do not equate to agency. There is no suggestion that Defendant Tower Oaks is operated as Defendant Prasad's alter ego. The record is clear that it is a distinct legal entity, which is operated separately from Defendant Prasad's other medical practices. While Plaintiffs correctly state that vicarious liability can be established by way of a partnership or joint venture, see Baltimore Police Dept. v Cherkes, 140 Md. App. 282, 780 A.2d 410 (2001), this record supports neither. The record evidence is that Defendant Tower Oaks treated Defendant Prasad as an independent contractor for purposes of the minor Plaintiff's surgery. The fact that Defendant Prasad stands to profit by way of his ownership in whole or in part does not equate to agency. No malpractice is alleged against Defendant Tower Oaks directly. On this record, the alleged "sins of the father," (i.e. Defendant Prasad), are not passed on to the son, (i.e. Defendant Tower Oaks).

## III.  Conclusion

For the above-cited reasons, the Court GRANTS Defendants' Motion for Summary Judgment.  The Court will enter a separate Order consistent with this opinion.


Date: July 28, 2014                                          /s/                          _
                                                         Charles B. Day
                                                         United States Magistrate Judge